Roland PERKINS, Plaintiff–Appellee,

v.

CITY OF BATON ROUGE
et al, Defendants,

Pat Bonanno, Bobby Achord, and John Lawton, Defendants–Appellants.

No. 04–30984.

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 26, 2006.

Dennis R. Whalen, Baton Rouge, LA, for Plaintiff–Appellee.

Henry Dupont Heck Olinde, Jr., Cade Aaron Evans, Simoneaux, Carleton, Dunlap & Olinde, Baton Rouge, LA, for Defendants–Appellants.

Before REAVLEY, DAVIS, and WIENER, Circuit Judges.

PER CURIAM: *

Reviewing the summary judgment order de novo, we reverse the magistrate judge's order with respect to race discrimination for the following reasons:

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. In denying summary judgment on the race discrimination claim, the magistrate judge's order cites to two pages of the Bonanno deposition establishing that the individual defendants had supervisory authority over the plaintiff. There is no citation to evidence showing dissimilar treatment based on race.

2. In his brief, the appellee cites to the affidavit of Clarence Gooding. Previously, Gooding joined with Perkins in filing a complaint with the EEOC. In his affidavit, Gooding explains that he believes night service duty was added to his warrant serving responsibilities "in retaliation for having filed the EEOC complaint." Gooding does not explain how, or if, any Caucasian officers were exempted from this new responsibility.

3. After reviewing the record de novo, the court does not see evidence of race discrimination. Appellants were entitled to summary judgment.

Reversed and Remanded.